# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN BOMAR,

       Petitioner,

                                      Case No. 13-14384

v.                              HON. TERRENCE G. BERG

KENNETH ROMANOWSKI,

       Respondent.

_____/

## OPINION AND ORDER TRANSFERRING
## SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO
## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner John Bomar, who is presently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for second-degree murder, Michigan Compiled Laws § 750.317. Because the Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), the Court will transfer the matter to the Court of Appeals so that petitioner may seek permission to proceed.

### I.  FACTUAL BACKGROUND

Petitioner was convicted of second-degree murder following a jury trial in the Macomb County Circuit Court.

Petitioner's conviction was affirmed on appeal. *People v. Bomar,* No. 286966 (Mich. Ct. App. Nov. 24, 2009); *lv. den.* 485 Mich. 1130 (2010).

Petitioner then filed a post-conviction motion for relief from judgment, which was denied. *People v. Bomar,* No. 2007-5808-FC (Macomb County Circuit Court, Aug. 25, 2010). The Michigan appellate courts thereafter denied petitioner leave to appeal. *People v. Bomar,* No. 300568 (Mich. Ct. App. June 14, 2011); *lv. den.* 490 Mich. 969 (2011).

Petitioner subsequently filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged the constitutionality of his conviction for second-degree murder. The petition was denied on the merits. *Bomar v. Romanowski,* No. 12-12225, 2013 WL 4777205 (E.D. Mich. Sept. 5, 2013) (Cox, J.).[1]

Petitioner has now filed a petition for writ of habeas corpus, in which he once again seeks habeas relief from his conviction for second-degree murder.

## II. DISCUSSION

Petitioner has previously filed a habeas corpus petition challenging his conviction for second-degree murder. The Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), over which this Court lacks jurisdiction. Therefore, for the reasons that follow, the Court will transfer the matter to the Court of Appeals so that the petitioner may seek permission to proceed.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal,*

---

[1] The Court's review of the docket in Petitioner's previous habeas corpus action shows that Petitioner filed a notice of appeal of that decision on October 3, 2013.

523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Although the issue of this being a second or successive petition has not yet been raised by the parties, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F.Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to evaluate the petition, rather than transfer it to the Sixth Circuit, because such an inquiry would be premature prior to a determination by the Sixth Circuit whether the petitioner should be given

authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald,* 514 F. 3d 539, 543-44 (6th Cir. 2008). Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631.

### III. ORDER

Therefore, it is **ORDERED** that the petition for writ of habeas corpus (Dkt. 1) is **DENIED** without prejudice for want of jurisdiction.

It is further **ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Dated: October 24, 2013　　　　　　　　　s/Terrence G. Berg
　　　　　　　　　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on October 24, 2013, using the CM/ECF system; a copy of this Order was also mailed to the Macomb Correctional Facility, 34625 26 Mile Rd., New Haven, MI 48048, directed to Petitioner's attention.

　　　　　　　　　　　　　　　　　　　　s/A. Chubb
　　　　　　　　　　　　　　　　　　　　Case Manager